FILED

SEP 09 2013


CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| BETTOR RACING, INC. and J. RANDY GALLO, | No. 4:13-cv-04051-KES |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| NATIONAL INDIAN GAMING COMMISSION, | |
| Defendant. | |

This Stipulated Protective Order has been agreed to by the parties in the above-captioned action, including Movant-Intervenor Flandreau Santee Sioux Tribe. At the agreement of the parties, and on a finding of good cause, the Court orders as follows:

1. For purposes of this Protective Order, the term "Confidential Information" means any and all information subject to protection under 25 U.S.C. § 2716(a) and 5 U.S.C. §§ 552(b)(4) and (7). Nothing in this Protective Order shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation.

2. This Protective Order applies to all documents produced in any manner by the parties in this litigation, including the Administrative Record prepared by Federal Defendants. Any party producing a document that contains or incorporates "Confidential Information" will mark the document as "Confidential Information."

3. Documents containing Confidential Information will be omitted from the public version of the Administrative Record and produced in a separate Confidential Administrative Record to be filed under seal. All documents containing Confidential Information that have been omitted from the public versions of the Administrative Record will be listed in a log that states that the document contains Confidential Information. That log will be filed along with the Federal Defendants' notice of lodging the Confidential Administrative Record.

4.      No documents containing or otherwise disclosing Confidential Information may be disclosed to the public or publicly filed with the Court. Confidential Information may only be submitted to the Court as follows: (i) the original signed copy of any pleading or filing containing, referring to, or otherwise disclosing Confidential Information shall be filed with the Clerk of the Court via EC, but the Confidential Information disclosed therein shall be redacted (and bear the stamp "redacted") so that it does not appear in the filed copy of the pleading or filing; and (ii) in accordance with Local Rule 7.1, an unredacted copy of the pleading or filing shall be filed with the Clerk of the Court in a sealed envelope with the outside marked with the caption of the case, the identity of the submitting party, and the notation "DOCUMENTS SUBJECT TO PROTECTIVE ORDER."

5.      The parties are hereby granted leave under Local Rule 7.1 to file pleadings or filings under seal as necessary pursuant to this Order.

6.      Any party filing under seal pursuant to the provisions of Paragraph 4 will also serve the pleading or filing on the other parties via certified mail in a sealed envelope with the outside marked with the caption of the case, the identity of the submitting party, and the notation "DOCUMENTS SUBJECT TO PROTECTIVE ORDER."

7.      Except as otherwise ordered here, documents designated as "Confidential Information" will be maintained in strict confidence by counsel. Confidential Information will not be used by counsel or any other person for any purpose other than the prosecution or defense of this action. Subject to the provisions of Paragraph 7 of this order, Confidential Information will not be disclosed to any person except:

 (a) designated legal counsel for a party and the paralegal, secretarial, and clerical employees of designated counsel;

 (b) a limited number of designated parties to the extent reasonably deemed necessary by such parties counsel for the conduct of the litigation; and

 (c) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Any party disclosing Confidential Information to a designated party pursuant to this paragraph will provide the names of the recipients of the Confidential Information to the other parties to this action.

 8. Nothing in this order will be deemed to restrict any party or its counsel with respect to: (a) its own documents or information and (b) documents or information obtained from a source other than the other parties to this action.

 9. Before disclosing Confidential Information to any person pursuant to the provisions of Paragraph 7, counsel will require the recipient to read a copy of this Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit A, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof. Counsel shall retain such Confidentiality Agreements until this litigation, including all appeals, is concluded. Counsel are responsible for ensuring that their legal, paralegal, and clerical staff comply with this Order.

10. The inadvertent or unintended disclosure of Confidential Information will not be deemed a waiver in whole or in part of the claim of confidentiality for that Confidential Information.

11. This Protective Order does not affect or relieve any party's responsibility to comply with any federal, state, or local law or regulation. Nothing in this Protective Order alters the rights or liabilities of the parties with respect to this action.

12. This Protective Order governs all proceedings in this action.

13. The Court will, as appropriate, sanction for violations of this Order counsel, their staff, or any person who obtains access to Confidential Information pursuant to this Order.

14. Counsel may apply to the Court for modification of this Order after reviewing the documents designated as "Confidential Information." If counsel determine that they intend to apply to the Court for modification of the Order, they shall nevertheless continue to abide by the terms of this Order until the Court makes a final ruling on the issue.

IT IS SO ORDERED.

Karen E. Schreier
Hon. Karen E. Schreier
United States District Judge

# EXHIBIT A - CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge, agree, and certify under penalty of perjury that:

1.   I have read the Stipulated Protective Order ("Order"), entered in the civil action captioned *Bettor Racing, Inc., et al. v. National Indian Gaming Commission, et al.*, Case No. 4:13-cv-04051-KES, in the United States District Court for the District of South Dakota.

2.   I understand the terms of the Order.

3.   I hereby agree to be bound by the terms of the Order and understand that a violation thereof may subject me to contempt proceedings and to legal and equitable remedies, including damages.

4.   I understand and agree that money damages would not be a sufficient remedy for breach of this Order and that a party that asserts the confidential interest shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach. I agree to waive any requirement for the securing or posting of any bond in connection with such remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this Order but shall be in addition to all remedies available at law or equity.

5.   I hereby irrevocably submit to the jurisdiction of the United States District Court for the District of South Dakota, or any other court of competent jurisdiction, for purposes of ensuring compliance with the terms and conditions of the Order and for civil remedies in the form of legal and equitable relief, including damages, for any breach thereof.

Executed on _____.

_____
[Signature]

_____
[Print Name]