UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BETTOR RACING, INC., and J. RANDY GALLO,<br><br>          Plaintiffs,<br><br>   vs.<br><br>NATIONAL INDIAN GAMING COMMISSION,<br><br>          Defendant,<br><br>   and<br><br>FLANDREAU SANTEE SIOUX TRIBE,<br><br>          Intervenor. | CIV. 13-4051-KES<br><br><br>ORDER GRANTING MOTION MAKING AMENDED JUDGMENT A FINAL JUDGMENT |

Plaintiffs, Bettor Racing, Inc. and J. Randy Gallo, move this court pursuant to Fed. R. Civ. P. 54(b) for a determination that there is no just reason for delay, thereby making the amended judgment filed on October 22, 2014, final and immediately appealable. Defendant, National Indian Gaming Commission, and intervenor, Flandreau Santee Sioux Tribe, take no position in response to the motion.

Pursuant to Fed. R. Civ. P. 54(b), a judgment that does not fully and finally resolve all claims against all parties may still be appealed if the court expressly determines that there is no just reason for delay and directs entry of judgment. *See Loudner v. United States,* 330 F. Supp. 2d 1074, 1081 (D.S.D. 2004). Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just

reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

First, the court must determine that it is dealing with a final judgment. *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 3 (1980). Second, if this court determines that the judgment is in fact final, then the court must determine whether there is reason for delaying an appeal of certain claims. *Id.* The following factors should be considered when determining whether certification should be granted:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court may be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Hayden v. McDonald,* 719 F.2d 266, 269 (8th Cir. 1983).

Here, this matter meets the requirements. The amended judgment is a final judgment. The claims made by Bettor Racing against the NIGC are tantamount to an appeal of the NIGC's decision affirming the notice of violation and notice of proposed civil fine assessment. Because the court concluded that Bettor Racing did not meet the statutory burden for overturning the NIGC's final decision, this court entirely adjudicated the claims raised by Bettor Racing in its appeal of the NIGC decision.

Next turning to the *Hayden* factors, the court finds these factors are met. The adjudicated (APA) and unadjudicated (non-APA) claims are strongly connected. If the court of appeals reverses this court's amended judgment, certain unresolved non-APA claims may be mooted. Thus, the ultimate termination of the litigation would be advanced by the court of appeals consideration of these issues now. And once decided, the court of appeals would not be obliged to consider the same issue a second time. The NIGC's notice of proposed civil fine assessment imposes a fine that is to be paid to the NIGC, not to the Tribe. This fine stands independent of any claim the Tribe makes for damages in the non-APA claims. Thus, the remaining non-APA claims would not result in a set-off against the amended judgment Bettor Racing seeks to appeal. Finally, it is in the interests of justice, judicial economy, and efficiency to permit an appeal of the NIGC's final decision at this time. There is no just reason for delay. As a result, the court grants Bettor Racing and Gallo's motion and directs that the amended judgment entered on October 22, 2014, is a final order as to the APA claim.

Good cause appearing, it is

ORDERED that the motion (Docket 78) is granted. The amended judgment filed on October 22, 2014, is a final order, and there is no just reason for delay.

Dated January 7, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE